# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01732-NYW

TAHONIE WATTS,

    Plaintiff,

v.

ANTHEM INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This case is before the court pursuant to 28 U.S.C. § 636(c), the parties' Consent to the Exercise of Magistrate Judge Jurisdiction [#18] and the Order of Reference dated August 31, 2018 [#20]. Pending before this court is Defendant Anthem, Inc.'s ("Anthem" or "Defendant") Motion for a More Definite Statement ("the Motion") [#14, filed August 21, 2018], Plaintiff's Response [#22], and Defendant's Reply [#26]. For the reasons stated below, the Motion is respectfully **DENIED**.

## BACKGROUND

Plaintiff Tahonie Watts ("Plaintiff" or "Ms. Watts") initiated this *pro se* action on July 9, 2018 by filing a form complaint. [#1]. Initially, Ms. Watts only attached the Notice of the Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC"). [#1-1]. On July 30, 2018, Ms. Watts filed an Amended Complaint, which remains the operative pleading. [#9]. The Amended Complaint did not itself contain any factual allegations, but instead referred to several attachments to the Complaint. [*Id.* at 3.] Those attachments include the Charge of

Discrimination Plaintiff filed with the Colorado Civil Rights Division ("CCRD") [*Id.* at 4] with several supporting documents, including a detailed personal Declaration. [*Id.* at 8–11].

While the Complaint itself does not contain any specific allegations, the attached supporting documents provide detailed allegations that refer to specific times, places, incidents, and individuals in support of Plaintiff's claim. Specifically, Ms. Watts alleges that she began working as a temporary clerk at Anthem in February 2014. [#9 at 6]. She was then promoted to the role of a Grievances and Appeals Rep I in November 2014, and she continued in that position until her termination on September 16, 2016. [*Id.*] In December 2014, she took leave under the Family and Medical Leave Act ("FMLA") due to complications with her pregnancy, and she continued to take intermittent FMLA leave until she gave birth in June 2015. [*Id.*]. After giving birth in June 2015, Ms. Watts was diagnosed with hyperthyroidism and postpartum mood disorder. [*Id.*]. When she returned to work in August 2015 after her maternity leave, she continued to take leave to address her conditions, which Anthem approved. [*Id.* at 9]. On September 15, 2016, she received a calendar invite from the Director of Appeals Patricia McGinnis and Human Resources Manager, Antionette White. [*Id.*]. At that meeting the following day, Ms. Watts was terminated for unsatisfactory performance based on her alleged failure to follow Anthem policy in sending appeal closure letters to some clients. [*Id.*]. Ms. Watts alleged that she had been terminated based on her disability and she was retaliated against based on her request for reasonable accommodations for her disabilities. [*Id.* at 6, 13]. After receiving her Notice of Right to Sue dated January 26, 2018 [*id.* at 15], Ms. Watts initiated this action.

On August 21, 2018, Anthem moved for a more definite statement, arguing that "Plaintiff has . . . alleged no facts supporting her claim in the Complaint" and therefore "Defendant has none of the information it needs in order to prepare a response." [#14 at 1, 2]. In doing so, Defendant

acknowledged that Plaintiff was proceeding *pro se*, but insisted that the binding case law from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") required Ms. Watts to follow the same rules of procedure that govern other litigants. [*Id.* at 2] (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted)). This court ordered Plaintiff to file her response on or before September 14 [#17], and Plaintiff timely filed her Response as ordered. [#22]. In her Response, Plaintiff stated that she believed that she had the option of either reproducing the allegations in the form complaint itself or simply attaching documents. [#22 at 2.] Plaintiff states she elected the latter because those documents were prepared by counsel and she believed those documents would be more helpful than her own recitation. [*Id.*] Plaintiff notes that the attachments are detailed and provide a comprehensive recitation of her allegations. [*Id.*] Plaintiff invited defense counsel to specify what particular allegations needed further support. [*Id.*]

In their Reply, Defendant does not specify what they are unable to respond to, but rather reiterates its position that Plaintiff's attachment of the CCRD Charge of Discrimination is improper. [#26]. Defendant insists that attaching a document to the Amended Complaint is insufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure [*id.* at 2], and therefore, this court should order Ms. Watts to further amend her operative Amended Complaint. After review of the Amended Complaint and the Parties' briefing, and in light of Ms. Watt's *pro se* status, this court concludes that requiring a further statement would elevate form over function and therefore declines to do so.

## LEGAL STANDARDS

I. **Motion for More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure allows for a party to move for a more definite statement when a pleading is "so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule further provides that "[t]he motion … must point out the defects complained of and the details desired." *Id.* A motion for a more definite statement is generally disfavored, and is rarely granted unless the complaint is so exceedingly vague and ambiguous as to render it unintelligible. *Garcia v. I.R.S.*, No. 12-CV-01824-WYD-KLM, 2012 WL 5387892, at *3 (D. Colo. 2012). Indeed, courts have observed that as long as a defendant has reasonable notice of a plaintiff's claim, a motion for more definite statement will be denied. *See Employers Mut. Cas. Co. v. Downey Excavation, Inc.*, No. 10-CV-02043-MSK-KMT, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (3d ed.2004) (gathering cases)).

In evaluating the sufficiency of a complaint, courts may consider documents which are attached to the complaint. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir 2010).

II. **Pro Se Litigants**

*Pro se* parties are entitled to liberal construction of their pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* litigants are not exempt complying with procedural rules or satisfying substantive law as is required of represented parties. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008) (observing that a party's pro se status does not relieve him of the obligation to comply with procedural rules); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

# ANALYSIS

As an initial matter, this court notes that Defendant is correct when it argues that *pro se* litigants must comply with the procedural rules, e.g., the Federal Rules of Civil Procedure, the Local Rules of Civil Practice for the United States District Court for the District of Colorado, and this court's Civil Practice Standards, and the substantive law governing this action, i.e., the American with Disabilities Act, as amended ("ADAA"). Generally, this court requires *pro* se litigants to use the court form to set forth their claims. In this case, Ms. Watts did utilize the court's standard form Employment Discrimination Complaint, and on that form, indicated that she was pursuing claims under the ADAA. [#9 at 2]. She also indicated that she was challenging the termination of her employment [#9 at 3], and that she believed Defendant's conduct was discriminatory because it was based on disability. [*Id.*]. She did not check the box indicating that she was pursuing a claim based on retaliation. [*Id.*]. Instead of restating the factual basis for her claim for unlawful termination based on disability in violation of the ADAA, Ms. Watts referred to the "complaint attached to prior record." [*Id.*]. This court interprets Plaintiff to be referring to the factual allegations detailed in her CCRD Charge of Discrimination and the associated Declaration.

Plaintiff's complaint is sufficient to permit an effective response to a single claim for unlawful termination based on disability based on disability, in violation of the ADAA. **The court, however, does not construe the Amended Complaint as including any claim for retaliation in violation of the ADAA.**[1] While some courts may have chosen to not consider attachments to the complaint when evaluating the sufficiency of a complaint, this court finds that such

---

[1] To the extent that Ms. Watts intends to assert a claim of retaliation, she must seek leave to amend her Amended Complaint to state such a claim after conferring with Anthem's counsel to determination whether such amendment is opposed.

consideration is both prudent and in line with the general principle to afford *pro se* pleadings liberal construction. Here, Ms. Watts has identified that her claim arises under the Colorado Anti-Discrimination Act and the Americans with Disabilities Act [#1 at 4], and provided a lengthy and detailed statement of facts to support her claim [#1 at 4–6, 8–12]. Plaintiff has alleged specific times, dates, and personnel, and made a detailed request for damages and fees. It is usually preferable to reproduce the allegations in the complaint itself, but Plaintiff is a *pro se* party entitled to liberal construction of her pleadings, and the imperfect presentation of her complaint does not discernably prejudice Defendant so long as it is limited to a single count for unlawful termination based on disability in violation of the ADAA.

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion for a More Definite Statement [#14] is **DENIED**; and

(2) Defendant will **FILE** a responsive pleading to the single count for unlawful termination based on disability in violation of the ADAA reflected Plaintiff's Amended Complaint, responding specifically to the factual allegations numbered paragraphs I-III(A)-(O) [#9 at 6-8] and Ms. Watt's Declaration paragraphs 1-28 [*id.* at 13-14] and the prayer for relief reflected on [#9 at 14] no later than **November 13, 2018** [#25].

DATED: October 2, 2018        BY THE COURT:

Nina Y. Wang
United States Magistrate Judge